IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL PATRICK SATHER, | ) | 8:14CV350 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL L. KENNEY, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Michael Patrick Sather ("Plaintiff" or "Sather") filed his Complaint (Filing No. 1) on November 10, 2014. This court has given Sather leave to proceed in forma pauperis. (Filing No. 18.) The court now conducts an initial review of his Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Sather was incarcerated at the Omaha Correctional Center when he filed his Complaint. He has since been paroled, and is now residing at a mission in Omaha, Nebraska. (*See* Filing No. 8.)

Sather sued Michael Kenney, a prison director for the Nebraska Department of Correctional Services, pursuant to 42 U.S.C. § 1983 for violations of his First, Eighth, and Fourteenth Amendment rights. (Filing No. 1 at CM/ECF pp. 3-4.) Sather also alleged state law claims in his Complaint. (*Id.* at CM/ECF pp. 7-9.)

Sather filed three supplements to his Complaint. (*See* Filing Nos. 9, 12, and 14.) The court has reviewed the supplements and has considered them in its discussion of Sather's claims. However, the court notes that much of Filing Number

14 (*see* Filing No. 14 at CM/ECF pp. 3-13) does not relate to Sather's claims in this case.

Condensed and summarized, Sather alleged in his Complaint that he waited 86 days to be seen by a mental health provider while incarcerated at the Omaha Correctional Center. Once he was finally visited by a mental health provider, the provider prescribed Klonopin after only a 15-minute consultation. (Filing No. 1 at CM/ECF p. 7.) Sather also alleged that, on two occasions, his anti-depressant was "not available to him because [the medication was] not ordered by the medical staff." (*Id.*)

Sather alleged that officers did not allow him to access a toilet on four separate occasions, once while he was incarcerated at the Omaha Correctional Center and three times while he was incarcerated at the Diagnostic and Evaluation Center. (*Id.* at CM/ECF p. 8.) As a result, Sather "soiled himself" on all four occasions because "he is incontinent and cannot control his bowel movements normally." (*Id.*)

Finally, Sather alleged prison officials opened his legal mail without his permission and outside of his presence on more than one occasion. (*Id.* at CM/ECF p. 9.)

Sather set forth that Kenney "indirectly" participated in causing his injuries. (*Id.* at CM/ECF p. 2.) In a later-filed pleading, Sather also alleged he received a letter from Kenney on December 22, 2014, which Sather "construed as an alleged threat that if [Sather] were to follow through with this suit, his parole would or could be in jeopardy." (Filing No. 14 at CM/ECF p. 2.) Sather did not describe the contents of the letter or why he believed it to be a threat.

For relief, Sather requests damages in the amount of $2,000,000. (Filing No. 1 at CM/ECF p. 5.) He also asks for changes to the "standard of care" within the

Nebraska Department of Correctional Services. (*Id.*) Finally, he asks that criminal charges be brought against "the administration in question." (Filing No. 12 at CM/ECF p. 1.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected

by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

For the most part, Sather's claims are conclusory and unsupported by any factual detail. The only individual named as a defendant in the case is Kenney. The only specific allegation made about Kenney's conduct is that he sent a letter to Sather, which Sather "*construed* as an alleged threat that if Mr. Sather were to follow through with this suit, his parole would or could be in jeopardy." (*See* Filing No. 14 at CM/ECF p. 2 (emphasis added).) The court cannot infer a constitutional violation from this bare allegation.

Separately, in a § 1983 case, an official "is only liable for his . . . own misconduct" and is not "accountable for the misdeeds of [his] agents" under a theory such as *respondeat superior* or supervisor liability. *Iqbal*, 556 U.S. at 677. Sather does not contend that Kenney had any personal involvement in the alleged violations of his First, Eighth, and Fourteenth Amendment rights.

As for Sather's request that criminal charges be brought against Kenney (*see* Filing No. 12 at CM/ECF p. 1), this court cannot compel a criminal prosecution against Kenney. *See Ray v. Dep't of Justice*, 508 F.Supp. 724, 725 (E.D. Mo. 1981) ("It is well settled that initiation of federal criminal prosecution is a discretionary decision within the Executive Branch not subject to judicial compulsion.") (collecting cases).

As pled, Sather's allegations fail to state a claim upon which relief can be granted. On the court's own motion, the court will provide Sather 30 days in which

to file an amended complaint. The court will dismiss this case for failure to state a claim if Sather does not file an amended complaint.

IT IS THEREFORE ORDERED that:

1. Sather must file an amended complaint within 30 days that states a claim upon which relief can be granted. Failure to do so will result in the court dismissing this case for failure to state a claim.

2. The clerk's office is directed to set a pro se case management deadline in this case using the following text: May 18, 2015: Check for amended complaint.

DATED this 17th day of April, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.